New Jersey Department of Labor,
Workmen's Compensation Bureau.

MATAGA STANKO, PETITIONER, v. MONTROSE CONSTRUC-
TION COMPANY, RESPONDENT.

For the petitioner, *Armstrong & Mullen.*

For the respondent, *McDermott, Enright & Carpenter.*

\*     \*     \*     \*     \*     \*     \*

1. A petition was filed by the petitioner, residing at 17 Ferris street, Jersey City, New Jersey, alleging that on July 5th, 1927, he was employed by the respondent, and that on said date he met with an accident arising out of and in the course of his employment, which accident occurred as follows: That the petitioner was walking along the stones carrying a load of tools, and the stones being wet, he slipped, casting him to the earth, a distance of five feet from his footing, causing him to land on other stones which came in contact with his left side, causing him serious internal and external injuries, including injury to the skin, muscles, nerves, bones, ribs and a hernia. It is further alleged in said petition that he was employed at a salary of $33 per week.

2. The respondent admits the employment, admits that an accident occurred and that petitioner received temporary compensation from the date of said accident to November 12th, 1927, or eighteen and four-sevenths weeks at $17 per week, and paid the doctor's bills occasioned by said accident.

3. I have listened to the testimony of Dr. Thomas Brennock, who testified for the petitioner, based upon an examination which he made on February 21st, 1928, and from

which examination he claims to have found evidence of callus formation from the fifth to the ninth ribs on the left side, and claims that petitioner suffers pain on breathing and stooping, and that he also found a left inguinal hernia which was not complete. I cannot subscribe to his testimony in view of all the testimony in the case. It seems to me that there is nothing unusual about this, and that as Dr. Brennock himself said, it is unusual to have pain in a case of this nature after the bones have united. This doctor made an estimate of permanent disability. He admits that he is not familiar with estimating compensation cases, and his estimate is clearly unjustified in this case.

4. It appears from the testimony of the petitioner, Mataga Stanko, that he has not worked since the accident and that he has not tried to secure any work.

5. On the part of the respondent, I am impressed with the testimony of Dr. Daniel J. Donahue, who treated the petitioner from July 6th to July 26th for contusions and fracture of the seventh rib on the left side, and discharged him on July 26th, at which time he was able to do light work. His testimony further shows that the petitioner should have been able to return to his regular occupation by the last of August. He found no permanent disability.

6. Dr. William J. Arlitz was called by the respondent and testified that he examined the petitioner on February 29th, 1928, but found no evidence of any permanent disability. Dr. Londrigan testified under subpœna that he examined this man on three different occasions for the workmen's compensation bureau and was unable to find any permanent disability.

7. This case involved entirely a question of fact, and I find that by far the preponderance of the evidence shows that the petitioner did not suffer any permanent disability. It appears to me that he was paid liberally by the respondent for his temporary disability.

\*       \*       \*       \*       \*       \*       \*

CHARLES E. CORBIN,
*Deputy Commissioner.*